**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No:**

Stephen Yang,

                Plaintiff,

v.

DOES 1–10 (unknown corporate entities
responsible for the operation of hannity.com)

                Defendant.

_____/

## COMPLAINT

Plaintiff Stephen Yang ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant DOES 1–10 (unknown corporate entities responsible for the operation of hannity.com) ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff is a Chinese/Korean American photojournalist and native New Yorker specializing in news, portraiture, and food. He has covered major events, including civil uprisings in Hong Kong and Baltimore, climate change, and hurricanes. His work frequently appears in major publications such as The New York Times, The Wall Street Journal, and The New York Post. Recognized for his impactful coverage, Yang's work has earned awards from the New York Press Photographers Association in both breaking news and news picture essay categories

3. Plaintiff is the author and owner of several photographs in which Plaintiff owns all rights in and to and for which Plaintiff licenses for various uses including online

1

and print publications.

4.      Hannity.com is the official digital hub for Sean Hannity, serving as a central multimedia platform for one of America's most influential conservative voices. The business delivers daily political commentary, breaking news analysis, and exclusive video content bridging his massive Fox News television audience and nationally syndicated radio listeners. Monetization and engagement are driven through premium "Hannity Insider" audio subscriptions, targeted advertising, promotional deals, and specialized interactive community features tailored specifically for conservative audiences.

5.      Plaintiff is ignorant of the true names of Defendant and therefore sues this Defendant by such fictitious name. Plaintiff will seek leave to amend this complaint to allege its true name and capacities when ascertained.

6.      Plaintiff is informed and verily believes, and thereon alleges, that the fictitiously named Defendant is responsible for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendant.

7.      Defendant intentionally conceals its corporate structure and That WHOIS/privacy shielding and layered ownership prevent identification pre-discovery.

8.      Defendant owns and operates a website at domain hannity.com (the "*Website*").

9.      Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed Plaintiff's photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

10.      Plaintiff is an individual who is a citizen of the State of New York and maintains a principal place of business in Queens County, New York.

11.      Upon information and belief, Defendant is an unknown corporation that conducts business through Sean Hannity who resides at 9 Sloans Curve Drive in Palm

2

Beach County, Florida.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

13.     Upon information and belief, this Court has personal jurisdiction over Defendant because it maintains its principal place of business in Florida.

14.     Personal jurisdiction also exists because Defendant purposefully directed infringing conduct into Florida, operated and controlled an interactive, commercial website accessed in this District, and caused harm within this forum.

15.     Venue is proper under 28 U.S.C. §1400(a) because Defendant may be found in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A.      **Plaintiff's Copyright Ownership**

16.     Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

17.     Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

18.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

19.     Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

20.     On March 27, 2023, Plaintiff first published several photographs of persons suffering from suspected use of "Xylazine" in various public locations in New York City, New York ("*Photograph 1-2*"). Copies of Photograph 1 and 2 (hereinafter collectively "*Photographs*") are attached hereto as Exhibit 1.

3

21.     In creating the Photographs, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the images, and made each and every artistic determination necessary for the creation of the works.

22.     On April 1, 2023, the Photographs were registered by the USCO under Registration No. VA 2-345-299.

23.     Plaintiff created the Photographs with the intention of them being used commercially and for the purpose of display and/or public distribution.

**B.      Defendant's Infringing Activity**

24.     Upon information and belief, Defendant is the registered owner of the Website and is responsible for its content.

25.     Upon information and belief, Defendant is the operator of the Website and is responsible for its content.

26.     The Website is a key component of Defendant's popular and lucrative commercial enterprise.

27.     The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

28.     Upon information and belief, Defendant is a sophisticated media company which owns a comprehensive portfolio of digital marketing platforms and has advanced operational and strategic expertise in the media industry where copyright is prevalent.

29.     Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that images used in their articles have been properly licensed.

30.     Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

4

31.     Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

32.     Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

33.     On or about May 15, 2023, Defendant displayed the Photographs on the Website as part of an on-line story at URL: https://hannity.com/media-room/hell-a-officials-monitoring-zombie-drug-thats-causese-flesh-to-rot-graphic/               (the "*Infringements*"). Copies of screengrabs of the Website including the Photographs are attached hereto collectively as Exhibit 2.

34.     The Infringements are exact copies of the vast majority of Plaintiff's original images that were directly copied and displayed by Defendant on the Website.

35.     Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photographs on the Website.

36.     Upon information and belief, each of Plaintiff's Photographs were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs.

37.     The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitute a specific infringement.

38.     Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to, copying, posting, selecting, commenting on and/or displaying images including, but not limited to Plaintiff's Photographs.

39.     Upon information and belief, the Photographs were willfully and volitionally posted to the Website by Defendant.

40.     Upon information and belief, the Infringements were not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

41.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness on the part of Defendant.

42.     Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

43.     Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

44.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised, and/or had the right and ability to exercise, such right.

45.     Upon information and belief, Defendant monitors the content on its Website.

46.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

47.     Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenues.

48.     Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

49.     Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

50.     Defendant's use of the Photographs harmed the actual market for the Photographs.

51.     Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

6

52.     On February 20, 2025, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

53.     Despite Plaintiff's efforts and willingness to address Defendant's infringing activity Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

54.     Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

55.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
*(Direct Copyright Infringements, 17 U.S.C. §501 et seq.)*

56.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

57.     The Photographs are each original, creative works in which Plaintiff owns a valid copyright.

58.     The Photographs are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

59.     Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

60.     Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

7

61.     Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright infringement.

62.     Upon information and belief, Defendant willfully infringed upon Plaintiff's Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority, by using each on the Website.

63.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c).

64.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

65.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

66.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

      a.     finding that Defendant infringed on Plaintiff's copyright interest in and to the Photographs by copying and displaying each without a

license or consent;

b.  for an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.  for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.  for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.  for pre-judgment interest as permitted by law; and

f.  for any other relief the Court deems just and proper.

DATED: April 22, 2026

SANDERS LAW GROUP

By: */s/ Craig Sanders*
Craig Sanders, Esq.
Florida Bar No. 985686
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 128266

*Attorneys for Plaintiff*

9