**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 26-80465-CIV-CANNON**

**STEPHEN YANG**,

  Plaintiff,

v.

**DOES 1 - 10**,

  Defendants.

_____/

<u>**ORDER DISMISSING COMPLAINT AND PERMITTING REPLEADING**</u>

  **THIS CAUSE** comes before the Court upon a sua sponte review of the record.  On April 22, 2026, Plaintiff filed the instant action purporting to bring claims against ten unidentified Defendants labeled in the Complaint as "DOES 1–10" [ECF No. 1 p. 1].  For the reasons stated below, Plaintiffs' Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**, with leave to amend on or before **May 7, 2026**.

***

  "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).  There is a limited exception to this rule "when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992)).  Plaintiff's Complaint does not meet the limited exception to the rule against fictitious party pleading.  The Complaint merely states that these Does are "unknown corporate entities responsible for the operation of hannity.com" and then (confusingly switching to referring to the Doe Defendants only in the singular) alleges that "[u]pon information and belief, Defendant is a sophisticated media company which owns a comprehensive portfolio of digital marketing platforms and has advanced

CASE NO. 26-80465-CIV-CANNON

operational and strategic expertise in the media industry where copyright is prevalent" [ECF No. 1 pp. 1, 4].  The Complaint does not provide any other information about their description or identify in any other way [ECF No. 1].

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff may file an amended pleading that is consistent with this Order on or before **May 7, 2026**.

3. Failure to comply with this Order may result in dismissal of the case without prejudice and without further notice.

**ORDERED** in Chambers at Fort Pierce, Florida, this 24th day of April 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

2