UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 26-80465-CIV-CANNON

STEPHEN YANG,

       Plaintiff,

v.

DOE 1,

       Defendant.

_____/

## ORDER DISMISSING COMPLAINT AND PERMITTING FINAL REPLEADING

**THIS CAUSE** comes before the Court upon a sua sponte review of the record.  On April 22, 2026, Plaintiff filed the instant action purporting to bring claims against ten unidentified Defendants labeled in the Complaint as "DOES 1–10" [ECF No. 1 p. 1].  Because this was an improper fictitious party pleading, the Court dismissed Plaintiff's Complaint without prejudice and directed Plaintiff to file an amended complaint [ECF No. 8].  Plaintiff has now filed an Amended Complaint, which again purports to bring a claim against an unidentified "DOE 1" [ECF No. 9].  Following review, the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**, with **one final opportunity** to file a second amended complaint on or before **May 12, 2026**.

## LEGAL STANDARDS

"As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).  There is a limited exception to this rule "when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'"  *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992)).  If the proposed defendant "exist[s]," and a plaintiff can adequately describe the party to be sued so that

the person may "be identified for service," then the exception to fictitious party pleading is met. *Dean*, 951 F.2d at 1215–16 n.6.

## DISCUSSION

Plaintiff's Complaint does not meet the limited exception to the rule against fictitious party pleading [ECF No. 9].  Plaintiff names a single "DOE 1"—an unknown corporate entity who Plaintiff alleges, upon information and belief, runs a website using Plaintiff's copyrighted photographs without permission [*see, e.g.*, ECF No. 9 ¶¶ 24–55].  Plaintiff's Complaint does not ever identify this corporate entity, and Plaintiff admits that it is presently "unknown" to him [ECF No. 9 ¶ 11].  Without further information, the description of this "DOE" corporation cannot be described as "so specific as to be 'at the very worst, surplusage,'" and it certainly does not permit the defendant to be identified for service on the record presented.  *Dean*, 951 F.2d at 1215–16 n.6.[1]

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  Plaintiff's Complaint [ECF No. 9] is **DISMISSED WITHOUT PREJUDICE**.[2]

2.  Plaintiff is afforded **one final opportunity** to file a second amended complaint that is consistent with this Order on or before **May 12, 2026**.

3.  Failure to comply with this Order may result in dismissal of the case without prejudice and without further notice.

---

[1] Instead, Plaintiff seeks to serve Sean Hannity, a non-party, on the "information and belief" that this corporate entity "conducts business through" him [ECF No. 9 ¶ 11; *see also* ECF No. 5 (proposed summons)].

[2] Nothing in this Order prevents Plaintiff from, in the future—*assuming he files a permissible pleading in accordance with this Order*—filing a motion for leave to amend his complaint to add a named party in the future, subject to Fed. R. Civ. P. 15 and any other court deadline.

CASE NO. 26-80465-CIV-CANNON

**ORDERED** in Chambers at Fort Pierce, Florida, this 1st day of May 2026.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

3